**DORCHESTER DEVELOPMENT CORP., Appellant,**

v.

**SAFECO INSURANCE CO., Appellee.**

**No. 05–86–01003–CV.**

Court of Appeals of Texas, Dallas.

Aug. 4, 1987.

Cathy Gribble Ries, R. Michael Farquhar, Dallas, for appellant.

C. Craig Hubble, Arlington, for appellee.

Before ENOCH, C.J., and DEVANY and McCRAW, JJ.

ENOCH, Chief Justice.

Appellant, Dorchester Development Corporation (Dorchester), appeals from a summary judgment rendered in favor of Safeco Insurance Company (Safeco). Safeco obtained a judgment that it was not liable to and owed no duty to Dorchester in connection with a suit by B & L Sunflower Associates Ltd. (B & L) against Dorchester (the "B & L suit") under an insurance policy issued by Safeco to Dorchester.

Because we find that none of appellant's points of error have merit, we overrule each and affirm the judgment of the trial court.

## NATURE OF THE CASE

B & L Sunflower filed suit against Dorchester for damages resulting from construction by Dorchester, as general contractor, of an apartment complex in Dallas. Dorchester demanded that Safeco, its insurer, defend it in the suit pursuant to the terms of the insurance policy. Safeco refused.

Dorchester later settled the B & L suit and demanded that Safeco reimburse it for the cost of settling, including attorney's fees, pursuant to the terms of the insurance policy. Safeco again refused.

Safeco brought suit against Dorchester for a declaratory judgment as to its liability under the contract of insurance. In answer and by way of counterclaim, Dorchester asserted that Safeco was obligated to defend Dorchester in the B & L suit and to provide coverage for Dorchester's liability pursuant to the terms of the insurance contract. Additionally, Dorchester asserted in the alternative that Safeco misrepresented the terms of the policy that it sold to Dorchester by representing that the policy would insure Dorchester against the type of losses it sustained as a result of the B & L suit.

A summary judgment was rendered in Safeco's favor stating that Safeco owed no duty to Dorchester under the contract with regard to the B & L suit and that the misrepresentation by Safeco's agents, if any, was immaterial.

## POLICY PROVISIONS

The insurance policy at issue in this case provides coverage for:

all sums which the insured [Dorchester] ... shall become legally obligated to pay as damages because of ... property damage ... caused by an *occurrence* ... and [Safeco] shall have the right and duty to defend any suit against the insured seeking damages on account of such ... property damages....

(Emphasis added).

In its motion for summary judgment, Safeco relied on exclusion Y(2)(d)(iii) of the policy to support its assertion that it owed Dorchester *no duty* to defend under the policy. Y(2)(d)(iii) provides in pertinent part, as follows:

This policy does not apply: ... to property damage ... to ... that particular part of any property not on premises owned by or rented to the insured, ... the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured.

### POINTS OF ERROR

Dorchester raises five points of error on appeal. In point of error one, Dorchester argues that the trial court erred in granting Safeco's motion for summary judgment. The reasons for such a contention are embodied in the other four points of error and this first point is coupled with each remaining point in Dorchester's argument. For the reasons stated below, we are not persuaded by the substance of appellant's argument in points of error two through five; consequently, point of error one is overruled.

In point of error two, Dorchester argues that the trial court erred in holding, as a matter of law, that the exclusion in the insurance policy precluded recovery by Dorchester from Safeco for the claims against Dorchester in the B & L suit. We do not agree.

■ Although no Texas cases were cited by the parties on point, we understand that it is the pleadings, in conjunction with the terms of the insurance policy, that define an insurer's duty to defend. In *Heyden Newport Chemical v. Southern General Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965) the supreme court held that in determining an insurance company's duty to defend, the complaint should be considered in light of the policy provisions. The court of appeals in *Maryland Casualty Co. v. Moritz*, 138 S.W.2d 1095, 1097 (Tex.Civ.App.—Austin 1940, writ ref'd) (cited with approval in *Heyden*), held that the liability of an insurer to defend depends upon the allegations of the plaintiff's petition.

■ In the B & L suit, the only complaint alleged by B & L against Dorchester was for the failure of Dorchester to repair or remedy the defective workmanship described in the plaintiff's petition. Specifically, B & L's petition complains that 1) some concrete flooring on the third floor was defective because it was prepared improperly and had started to crumble; 2) various gutters were improperly primed and the stain had peeled; and 3) Dorchester failed to use concrete perimeter beams under certain patio slabs. There is no complaint that any *other* property was damaged as a result of this defective workmanship.

The policy exclusion in this case prohibits coverage of property damage to that particular part of any property, the restoration, repair or replacement of which is necessary because of *faulty workmanship* by the insured.

However, if defective work is performed by or on behalf of the insured, and such defective work causes damage to *other work* of the insured which was not defective, then there would be coverage for repair, replacement or restoration of the work which was *not* defective. Stated simply, there is no coverage for faulty workmanship. *See Eulich v. Home Indemnity Co.*, 503 S.W.2d 846 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.).

Exclusion Y(2)(d)(iii) was discussed in *McCord, Condron & McDonald Inc. v. Twin City Fire Ins. Co.*, 607 S.W.2d 956 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). In that case, the court said that the language in *Eulich* applied where it says that the policy "does not insure the contractor against his own failure to perform his contract, but does insure him against liability for damages other than to the building itself as the result of his performance, whether defective or otherwise." *Id.* 607 S.W.2d at 958.

It is apparent, pursuant to exclusion Y(2)(d)(iii), that this policy was not intended to insure against the repair of faulty workmanship by or on behalf of Dorchester. Therefore, because the claim of B & L was limited to losses due solely to faulty workmanship as stated in the pleadings, the trial court properly granted summary judgment for Safeco finding that exclusion Y(2)(d)(iii) was controlling.

Dorchester additionally argues that this exclusion is ambiguous and should be strictly construed against Safeco. Dorchester did not complain of this alleged ambiguity at trial and, therefore, has waived the right to do so on appeal. TEX. R.APP.P. 52(a); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex.1987).

Further, Dorchester does not cite any authority in which the exclusion was held to be ambiguous. Safeco, on the other hand, has pointed this Court to persuasive authority from other jurisdictions in which exclusions identical to the one in this case were held to be *not* ambiguous. *St. Paul Fire & Marine Ins. Co. v. Coss*, 80 Cal. App.3d 888, 145 Cal.Rptr. 836 (1978); *See C.O. Falter, Inc. v. Crum & Forster Ins. Co.*, 79 Misc.2d 981, 361 N.Y.S.2d 968 (1974) (the identical exclusionary provision was not held to be ambiguous). Therefore, even if Dorchester had not waived this point, we do not find exclusion Y(2)(d)(iii) to be ambiguous. For the foregoing reasons, we overrule Dorchester's second point of error.

In point of error three, Dorchester argues that the trial court erred in holding, as a matter of law, that there was no "occurrence" as required by the policy during the term of the policy. We do not agree.

In Safeco's motion for summary judgment, it asserted that the loss which was the subject of B & L's claim did not occur during the policy period. The court sustained this point on the strength of admissions made by Dorchester that all claims asserted against Dorchester by B & L involved claimed defects or damage that were first manifested *after* the expiration of the policy period.

The question becomes whether there is coverage for property damage resulting from workmanship performed during the policy period when the property damage is not manifested until *after* the policy period.

Neither side cited any Texas cases on point; however, we were pointed to persuasive authority from a Florida court of appeals dealing with provisions identical to those in this case. The Florida court held that there must be physical injury to or destruction of tangible property which occurs during the policy period. *Travelers Insurance Company v. C.J. Gayfer's and Co. Inc.*, 366 So.2d 1199, 1201 (1979). The court said that the words "caused by an occurrence" within the policy provisions did not indicate that coverage was afforded for damages sustained after expiration of the policy period due to causative negligence occurring *within* the policy period. In other words, coverage is not afforded unless an identifiable damage or injury, other than merely causative negligence, took place during the policy period.

The court in *Miller's Mutual Fire Ins. Co. of Texas v. Bailey, Inc.*, 103 Idaho 377, 647 P.2d 1249, 1251 (1982), held that:

... it is well settled that the time of the occurrence of an "accident," within the meaning of a liability indemnity policy, is not the time the wrongful act was committed but the time the complaining party was actually damaged.

Under the authorities cited above, no liability exists on the part of the insurer unless the property damage manifests itself, or becomes apparent, during the policy period. Since Dorchester has admitted (by failing to answer the request for admission) that such damages were *not* manifested during the policy period, there was no "occurrence" during the policy period. Therefore, the trial court correctly held, as a matter of law, that there was no "occurrence" during the policy period. Accordingly, appellant's third point of error is overruled.

Dorchester argues in point of error four that the trial court erred in holding, as a matter of law, that Dorchester admitted that it had no coverage under the insurance policy for the claims asserted against it in the B & L suit.

In a request for admissions, Safeco requested that Dorchester admit that "none of the claims asserted against Dorchester Development Corporation by B & L Sunflower Associates, Ltd. ... were covered by any insurance policy issued to Dor-

chester Development Corporation by Safeco Insurance Company of America." Dorchester failed to respond to the request for admission within the time period prescribed by Rule 169 of the Texas Rules of Civil Procedure; therefore, the matter is deemed admitted without the necessity of a court order.

It seems to be Dorchester's defense that the response to the request for admissions was filed "at most, one day after the prescribed time limit had run." This Court does not recognize such a defense.

Rule 169 provides that any matter admitted is conclusively established as to the party making the admission *unless* the court on motion permits withdrawal or amendment of the admission. In this case, Dorchester made no effort in the trial court to object to or seek withdrawal of the deemed admission. The response was late and the matter is, therefore, deemed admitted.

Dorchester, in addition, argues that the deemed admission is invalid because the request for admission sought to have Dorchester admit something which called for a conclusion of law, which is within the sole purview of the court, and that such an admission is, therefore, invalid. We do not agree.

Rule 169 expressly permits requests for admissions that relate to the application of law to fact. The facts in this case are the specific terms of this insurance policy and the claims of B & L against Dorchester. The request for the admission by Dorchester that it was not covered under the policy issued by Safeco involved the application of law to these facts.

In *Heyden Newport Chemical Corp. v. Southern General Insurance Co.*, 387 S.W.2d 22 (Tex.1965), the insurer contended that it was not liable to the insured because the trial court had found that the truck involved in a fatal collision was not covered by the applicable insurance policy. The Supreme Court rejected this contention stating that even though the trial court made such a finding, it was in the face of an admission by the insurance company, in reply to request for admissions, that the truck *was* covered by the policy. By its ruling, the Supreme Court upheld the admission by the insurer that the truck was "covered" by the insurance policy.

We find *Heyden* to be controlling on the propriety of the request for admission in this case. We hold that Dorchester's admission that it was not covered by the insurance policy issued to Dorchester by Safeco is valid and binding on Dorchester.

For the aforementioned reasons, appellant's fourth point of error is overruled.

In the fifth point of error, Dorchester contends that the trial court erred in holding, as a matter of law, that the unfair practices of Safeco in selling the insurance policy to Dorchester were immaterial. We do not agree and, accordingly, overrule appellant's fifth and final point of error.

The trial court held, as a matter of law, that the misrepresentations, if any, of Safeco in selling the insurance policy to Dorchester were immaterial. This determination was made based upon its finding that there was no "occurrence" during the term of the policy; therefore, no obligation on the part of the insurance company arose even assuming that the policy was to have covered the events illustrated in this case.

We have previously agreed with the trial court that there was no occurrence during the policy period. Any misrepresentation made by Safeco concerning the scope of the exclusion Y(2)(d)(iii) is immaterial because, as stated above, no otherwise insured loss occurred during the period of the policy in question. Without such a loss, it cannot be said that Dorchester suffered harm as a result of the misrepresentation. Point of error five is overruled.

Points of error one through five are overruled and the judgment of the trial court is AFFIRMED.