**Reymundo HERNANDEZ, Appellant,**

v.

**KASCO VENTURES, INC., Appellee.**

No. 08–91–00238–CV.

Court of Appeals of Texas,
El Paso.

May 27, 1992.

**630** 

Al Melendez, Melendez & Lozano, El Paso, for appellant.

Karl O. Wyler, Kemp, Smith, Duncan & Hammond, Brenda J. Norton, El Paso, for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal by Reymundo Hernandez, Appellant, from a summary judgment entered in favor of Kasco Ventures, Inc., Appellee, on theories of negligence, strict liability, the Texas Deceptive Trade Practices Act and breach of warranty. In a single point of error, Hernandez claims there exists genuine issues of material fact as to each individual cause of action. We affirm in part and reverse and remand in part.

## I. SUMMARY OF THE EVIDENCE

In June 1984, Kasco and Miles Transportation & Distribution Co. (Miles) negotiated the lease of a warehouse located in El Paso, Texas. Kasco leased the warehouse to Miles for storage purposes, which included the loading and unloading of freight. In order to facilitate Miles' intended use of the leased premises, Kasco equipped the warehouse with dock levelers prior to Miles taking possession of the premises in August 1984.[1]

The record indicates that shortly after taking possession of the premises, Miles began experiencing various problems with the dock levelers. These problems were communicated to Kasco. In an effort to resolve the problems, Kasco served as the intermediary between Miles and the manufacturer of the dock levelers. Pursuant to Kasco's request, the manufacturer purportedly repaired the dock levelers. Miles, however, maintains that such repairs did not eliminate all of the problems the warehousemen were having with the levelers.

After having occupied the premises for a period of over a year, Miles entered into a written lease agreement with Kasco in January 1986. The record indicates that the January 1986 lease agreement represents the entire agreement that existed between Miles and Kasco.

According to the terms of the lease agreement, Miles had the duty to maintain "the leased premises, except for landscaping and exterior grounds, exterior walls, foundation and the roof...." On the other hand, the lease agreement required Kasco to maintain the "[f]loors, walls and ceilings in good repair at the time of commencement of the Lease."

In November 1986, Hernandez, a warehouseman of Miles, acting in the course and scope of his employment, was injured due to a malfunctioning dock leveler. As a result of the injury, Hernandez sued Kasco under theories of negligence, warranty, strict liability and the Texas Deceptive Trade Practices Act.

Hernandez's action is based on the fact that Kasco leased the warehouse and surrounding premises to Miles, Hernandez's employer. Hernandez has alleged that as the landlord, Kasco was responsible for the dock levelers. According to Hernandez, it was Kasco's responsibility to maintain the dock levelers throughout the course of the relationship that existed between Kasco and its lessee, Miles. The trial court entered summary judgment against Hernandez on all theories pled.

## II. STANDARD OF REVIEW

■ In reviewing the entry of a summary judgment, this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact and that it is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). A summary judgment that disposes of the entire case is proper only if, as a

1. A dock leveler is a device that acts as a bridge or a ramp between a warehouse and a truck's trailer for the purpose of loading and unloading freight.

matter of law, the non-movant could not succeed upon any of the theories pled. *Houston Building Service, Inc. v. American General Fire & Cas. Co.*, 799 S.W.2d 308, 309 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ In deciding whether or not there is a disputed fact issue which would preclude the entry of a summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon*, 690 S.W.2d at 548–49.

### III. THEORIES OF RECOVERY

#### A. Negligence

■ In its motion for summary judgment, Kasco claimed it had no duty to maintain the dock levelers and, as a consequence, could not be liable for negligence. According to Kasco, no duty exists under Texas law because a landlord is not liable for defects in the premises unless the landlord specifically agrees to repair such defects.[2] Furthermore, Kasco asserts that even if it owed a duty to Hernandez, Kasco did not act negligently because the sole cause of Hernandez's injury was his misuse of the dock leveler.

■ The trial court's judgment did not specify the particular grounds for granting summary judgment. As a consequence, on appeal, Hernandez must establish that each of the independent arguments advanced in Kasco's motion is insufficient to support the judgment. *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 891 (Tex.App.—El Paso 1983, no writ).

■ Kasco's interpretation of existing Texas law, that a landlord is not liable for defects in the premises unless there is a specific agreement to repair such defects, is generally correct. Indeed, a landlord

who has relinquished control of the leased premises is not liable for personal injuries to his tenant's employees caused by defects in the premises. *Katz v. Southwestern Scrap Materials Co.*, 412 S.W.2d 685 (Tex. Civ.App.—Dallas 1967, no writ). A landlord, however, will be liable for personal injuries if the landlord covenants to make repairs.

■ In the instant case, it is undisputed that Kasco unequivocally relinquished control of the premises to Miles. In his response to Kasco's motion for summary judgment, as well as on appeal, Hernandez argues that Kasco is liable because their written lease agreement contains a specific covenant to repair. In particular, Hernandez asserts that Article V of the lease affirmatively places the duty of repair on Kasco.

Article V, § 5.01 of the lease states:

Lessee shall maintain the leased premises, except for landscaping and exterior grounds, exterior walls, foundation and the roof in a condition fit for their intended use and shall make all necessary repairs occasioned by its negligent use or otherwise.

In addition to this provision, Section 5.02(g) states that Kasco shall provide the "[f]loors, walls and ceilings in good repair at the time of commencement of the Lease." Hernandez asserts that these two provisions equate to a covenant to repair the dock levelers. According to Hernandez, the dock levelers are fixtures and such fixtures comprise part of the exterior walls and floors of the leased premises, which Kasco covenanted to repair. Such an assertion raises two significant issues of material fact. The first issue involves the question of whether the dock leveler is a fixture. If the dock leveler is a fixture, the second issue concerns the interpretation of Sections 5.01, 5.02 and 6.01 of the lease agreement.

---

**2.** The duties of a landlord to his tenant's employees are the same as those owed by the landlord to the tenant. A landlord will be liable to an employee of a tenant under such circumstances as would have rendered him liable to the tenant. 52 C.J.S. *Landlord and Tenant,* § 421 (1968).

A fixture is personal property that has lost its separate character and becomes part of the realty because it is so attached to the realty that it cannot be removed without materially damaging the property. *Houston Building Service, Inc.*, 799 S.W.2d at 311. In order to determine whether the dock levelers are fixtures, a court must consider the following three factors:

- the mode and sufficiency of annexation of the dock levelers, either real or constructive;
- the adaptation of the dock levelers to the use or purpose of the realty; and
- the intention of Kasco, the party who annexed the dock levelers to the real property.

*Logan v. Mullis*, 686 S.W.2d 605, 607 (Tex. 1985). Consideration of these factors necessarily involves a question of fact.

Kasco asserts that even if the dock levelers are fixtures, summary judgment is still proper. To support this argument, Kasco relies on the language employed in Sections 5.01, 5.02 and 6.01 of the lease agreement. In particular, Kasco argues that Sections 5.01 and 5.02 fail to expressly include any reference to fixtures. Section 6.01, however, specifically states that if the lessee adds fixtures to the leased premises, lessee "agrees to hold Lessor harmless from any claims that may be made against such ... fixtures by any third person."

Kasco's argument regarding Section 6.01 is easily dismissed because the language of Section 6.01 only contemplates fixtures added to the realty by Miles. As a consequence, this section is inapplicable to the facts of this case because it was Kasco who added the dock levelers to the leased premises prior to Miles' tenancy. In regard to Sections 5.01 and 5.02, an issue of material fact is presented because both provisions are susceptible to two different constructions. For example, it is reasonable to construe "exterior walls" and floors in such a way as to either include or exclude fixtures attached to such realty.

We find that Sections 5.01 and 5.02 can be construed in different ways because both provisions are ambiguous in regard to the meaning of exterior walls and floors. *Hillhaven, Inc. v. Care One, Inc.*, 620 S.W.2d 788 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). The Texas Supreme Court has stated that when an ambiguity exists, summary judgment is improper because the mere interpretation of the ambiguous language becomes a fact issue. *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983). Consequently, the trial court erred in granting summary judgment on the premise that Kasco had no duty to repair the dock levelers.

In its motion for summary judgment, Kasco also asserted that there was no evidence to demonstrate negligence. In response, Hernandez's summary judgment controverting proof contained an affidavit of an expert who testified as to the condition of the dock leveler in question. The expert stated that, in his opinion, the dock leveler was defective and "seriously damaged prior to Mr. Hernandez [sic] attempt to lift the dock leveler and the mechanism failed while he was attempting to lift it." This evidence tends to disprove Kasco's theory of sole and proximate cause. Consequently, the trial court erred in granting summary judgment on the issue of negligence.

**B. Texas Deceptive Trade Practices Act**

As previously mentioned, Kasco sought and obtained summary judgment on the alleged violations of the Texas Deceptive Trade Practices Act (DTPA) which were asserted by Hernandez. Kasco's contention was and is that Hernandez is not a "consumer" as a matter of law, as defined in Section 17.45 of the DTPA. If this contention is correct, Kasco successfully disproved at least one element of Hernandez's cause of action and summary judgment was proper. *Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corp.*, 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ).

In order to recover under the DTPA, Hernandez must establish his status as a consumer. In order to fulfill this

burden, he must show that: (1) he sought or acquired goods or services; (2) by purchase or by lease; and (3) such goods or services form the basis of his complaint. *Chastain v. Koonce,* 700 S.W.2d 579 (Tex. 1985).

■ We have carefully reviewed the record in the instant case and find that Hernandez is not a consumer for purposes of the DTPA. Specifically, Texas law states that in order to "seek" goods or services one must "request" or "ask for the goods." *Westinghouse Supply Co. v. Page & Wirtz Const. Co.,* 647 S.W.2d 44, 47 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). For one to acquire goods or services means "to get or come to have as one's own." *Id.* Hernandez, as an employee of Miles, failed to show that he either sought or acquired the "defective" dock leveler in question. Indeed, the facts clearly establish that Hernandez did not request or ask for the goods. Moreover, Hernandez never owned the dock levelers. Consequently, the trial court correctly entered summary judgment in favor of Kasco because Hernandez was not a consumer as defined by the DTPA.

### C. Strict Liability

■ In its motion for summary judgment, Kasco alleged that Hernandez was not entitled to recover on the theory of strict liability because: (1) Kasco is not a seller engaged in the practice of selling dock levelers; and (2) Kasco did not release the dock leveler into the stream of commerce. Again, the trial court granted summary judgment against Hernandez on this cause of action. Such judgment, however, was proper only if Kasco provided summary judgment proof establishing that there are no genuine issues of material fact regarding at least one element of the cause of action. *Nixon,* 690 S.W.2d at 548; *Rayos,* 683 S.W.2d at 547.

■ In regard to the theory of strict liability, Texas has adopted Section 402A of the Second Restatement of Torts. Specifi-

cally, Section 402A states that a party can be held strictly liable for injuries caused by a defective product only if: (1) the party is a seller engaged in the business of selling such products; and (2) the product is expected to and does reach the user or consumer without substantial change in the condition it is sold. Restatement (Second) of Torts § 402A (1986).

■ In the instant case, the facts clearly demonstrate that Kasco is not a seller engaged in the business of selling dock levelers. Indeed, the summary judgment proof conclusively establishes the contrary. In particular, both Hernandez and Kasco provided evidence regarding Kasco's status as a landlord as opposed to a seller of dock levelers. *See generally Freitas v. Twin City Fisherman's Cooperative Ass'n,* 452 S.W.2d 931, 937–38 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). The existence of such evidence establishes, as a matter of law, that there is no genuine issue of material fact regarding at least one element of strict liability. Consequently, the trial court did not err in granting summary judgment as to Hernandez's strict liability cause of action.

### D. Breach of Warranty

■ Hernandez additionally sued Appellee for breach of express and implied warranties. The trial court granted summary judgment as to all warranty claims. On appeal, Hernandez argues the trial court erred because Kasco breached (1) an express warranty contained in the written lease agreement; and (2) the implied warranty of habitability.[3]

In its motion for summary judgment, Kasco asserted that it made no "express warranties to Miles or Miles' employees." Kasco, however, failed to provide any other argument or proof on the issue of breach of express warranty. In fact, Kasco even failed to raise the issue of privity.

In his response to Kasco's motion for summary judgment on the alleged breach

---

**3.** It is unnecessary to address the implied warranty of habitability because Hernandez failed to plead such a claim in his petition. Hence,

the only remaining question concerns the issue of an express warranty.

of express warranty, Hernandez specifically referred to an express warranty contained in the written lease agreement. In particular, Hernandez referred to Section 5.02 of the lease agreement. Section 5.02 specifically states "Lessor hereby provides Lessee with a one year warranty" to maintain the "[f]loors, walls and ceilings in good repair at the time of commencement of the Lease." This provision by itself, raises a material issue of fact as to whether Kasco is liable for breach of an express warranty. Consequently, the trial court erred in granting summary judgment as to this particular cause of action.

We affirm the trial court's summary judgment as to Hernandez's claims of strict liability and violations of the DTPA and reverse and remand the trial court's summary judgment as to the claims of negligence and breach of express warranty.

WOODARD, J., not participating.