**Roque and Frances CLOSNER,**
**Appellant,**

v.

**STATE FARM LLOYDS, Appellee.**

No. 04–99–00883–CV.

Court of Appeals of Texas,
San Antonio.

March 21, 2001.

Rehearing Overruled June 20, 2001.

Robert W. Loree, Todd Lipscomb, Law Office Of Robert W. Loree, San Antonio, for appellant.

J. Hampton Skelton, Katherine E. Bell–Moss, Skelton, Woody, Arnold & Placek, Austin, for appellee.

Sitting: TOM RICKHOFF, CATHERINE STONE and SARAH B. DUNCAN, JJ.

Opinion by: CATHERINE STONE, Justice.

This is an insurance case in which Roque and Frances Closner sought recovery of insurance benefits for damages to their home allegedly caused by plumbing leaks. The trial court entered an adverse judgment, and on appeal the Closners claim the trial court misinterpreted the jury's verdict and erred in granting a post-verdict summary judgment on bifurcated, extra-contractual claims.

**Factual & Procedural Background**

The Closners first insured their home with State Farm in 1990 with a broad form "all risks" policy. Although damages from plumbing leaks were within coverage, the policy excluded damages from certain "inherent vices" and "settlement." The Closners filed their claim in 1995. After investigating, State Farm concluded that plumbing leaks damaged the home. State Farm tendered $31,884.00 for repairs. The Closners accepted this amount under

protest, claiming it was insufficient to cover their damages.

The Closners then hired a structural engineer who recommended more extensive repair, estimated to cost $104,472.33. This plan required a full underpinning of interior and exterior piers, whereas the State Farm plan recommended partial underpinning. State Farm then hired engineer Ken Struzyk to review the other engineers' reports to determine the proper plan of repair. Struzyk determined that no underpinning was necessary and recommended a different and less costly plan. State Farm did not request a refund of any of the $31,884.00 previously paid, but denied any further reimbursement to the Closners. The Closners filed suit.

The Closners sued for breach of contract, violation of Article 21.55 of the Texas Insurance Code, violation of the DTPA, unfair insurance practices, breach of the duty of good faith and fair dealing, and negligence. The trial court bifurcated the causes of action, separating the breach of contract from the extra-contractual claims. On the breach of contract claim, the jury found that the damages from the plumbing leaks were responsible for 15% of the damage to the Closners' home. The jury determined the total repairs were $13,000.00 for cosmetic damages, $10,000.00 for foundation repair, and $3,000.00 for additional living expenses during the time of repair.

State Farm argued in its motion for entry of judgment that because the jury found that 15% of the damages were caused by the plumbing leaks, it was liable for a sum of only $3,900.00 (15% of $26,000). Since it had already paid $16,769.45 to the Closners,[1] it had not breached the contract. Additionally, State Farm argued that the jury found the loss

---

1. The Closners were also paid $14,615.00 by State Farm for plumbing and access expenses.

occurred outside the policy period, negating any coverage. The extra-contractual claims depended on the success of the breach of contract claim to survive summary judgment. Therefore, State Farm asserted these claims failed as a matter of law.

Responding to State Farm's motion, the Closners argued that the jury's award was intended to be in addition to the amounts already paid to them. They asserted that the jury did not find that the loss occurred outside the policy period. Further, the jury did find a breach, therefore the court could not grant a summary judgment on the extra-contractual claims.

The trial court ruled that the verdict of the jury was in favor of State Farm and entered a take nothing judgment against the Closners. The court also granted State Farm's motion for summary judgment and entered a summary judgment on the bifurcated, extra-contractual issues.

On appeal, the Closners present thirteen issues in which they complain of charge error, insufficiency of the evidence, rendition of the take-nothing judgment, improper exclusion of their experts, improper admission of State Farm's experts, improper exclusion of evidence, and cumulative error.

### SUBMISSION OF JURY QUESTION FOUR

■ In issue three, the Closners claim the submission of jury question four was improper. Question four asked the jurors: "Do you find that the damages to the Closner home, if any, caused by plumbing leaks first became apparent between July 16, 1994 and July 16, 1995?" The jury answered "no" to this question. The Closners contend this question was irrelevant because they had been covered under a State Farm all-risks policy since 1990, with renewal policies issued each year. They claim they only needed to show a loss within a policy period to recover. They maintain there is no requirement for them to show an ongoing loss first became apparent during this particular policy period.

### Standard of Review

■ Charge error is reviewed under an of abuse of discretion standard. *Texas Dept. of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The trial court must have acted arbitrarily, unreasonably, or without consideration of guiding rules and principles in order to establish reversible error. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). "The trial court is given wide latitude to determine the propriety of explanatory instructions and definitions." *H.E. Butt v. Bilotto*, 985 S.W.2d 22, 23 (Tex.1998); *see also Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974). It is an abuse of discretion for the court to fail to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ An insured must plead and prove that damages are covered under his policy to recover. *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex.1988), *overruled on other grounds, State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex.1996). Covered losses are deemed to occur when the damage first becomes apparent. *State Farm Mut. Auto. Ins. Co. v. Kelly*, 945 S.W.2d 905, 910 (Tex.App.—Austin 1997, writ denied); *Dorchester Dev. Corp. v. Safeco Ins. Co.*, 737 S.W.2d 380, 383 (Tex. App.—Dallas 1987, no writ). Therefore, the Closners had the burden to prove their loss manifested during the policy period they plead.

The Closners sued on the July 16, 1994 through July 16, 1995 policy. Although they introduced evidence of coverage in 1990, they plead damages for only the 1994 through 1995 policy. There was evidence

presented that the damages were first discovered between 1994 and 1995. However, in Mr. Closner's statement to State Farm, which was admitted into evidence, Mr. Closner admitted that the damage was first discovered in 1988. Given the conflicting testimony, it was neither arbitrary nor unreasonable for the trial court to submit question four to the jury. We overrule issue three.

### LOSS OUTSIDE THE POLICY PERIOD

■ In issue five, the Closners claim the evidence was insufficient to support the jury's finding that the damages caused by the plumbing leaks did not first become apparent between July 16, 1994 and July 16, 1995. They maintain the evidence clearly supports a discovery of the damage between 1994 and 1995. They argue there was no evidence that the damage was discovered outside of their policy coverage.

### Standard of Review

In considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is any evidence of probative force to support the finding, the no evidence issue must be overruled and the finding upheld. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997). "Anything more than a scintilla of evidence is legally sufficient to support the finding." *Continental Coffee Prods. Co.*, 937 S.W.2d at 450.

Mr. Closner's 1995 recorded statement, admitting damage first occurred seven years earlier, was admitted into evidence. The jury heard testimony about the statement from the State Farm adjuster who questioned Mr. Closner. The statement of Mr. Closner provides more than a scintilla of evidence that the loss became apparent outside the effective dates of the policy sued upon.

We overrule issue five. Because the Closners failed to prove a loss occurred during the policy period plead, we find it is unnecessary to address the remaining issues. We affirm the trial court's take-nothing judgment and the summary judgment on the bifurcated, extra-contractual claims.