COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

FRANZ FELHABER and GUSTAVO                  )

DEANDER
d/b/a DELTA WAREHOUSE,           )              
No.  08-02-00351-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )                
41st District Court

                                                                              )

DAN PIEPER,                                                      )           
of El Paso County, Texas

                                                                              )

Appellee.                           )                   (TC# 2001-872)

                                                                              )

 

 

MEMORANDUM   OPINION

 

Appellants, Franz Felhaber and Gustavo Deander
d/b/a Delta Warehouse, appeal a summary judgment in favor of Appellee, Dan Pieper. 
Appellants bring four issues for our review:  (1) whether the trial court erred in granting
summary judgment because there are genuine issues of material fact related to
the fair market value of the batteries; (2) whether the trial court erred in
granting summary judgment because there are genuine issues of material fact
related to lost profits; (3) whether the trial court erred in granting summary
judgment because the affidavit supporting the motion for summary judgment is
defective and should have been stricken from the record; and (4) whether the
trial court erred in granting summary judgment because there are genuine issues
of material fact as to whether Appellee attempted to
mitigate damages and as to the correct measure of damages.








UNDERLYING
FACTS

Appellants operate
a public warehouse, Delta Warehouse. 
They rent space to store goods for others.  In April 1999, Appellee
had 607 cases of AA batteries delivered to Appellants for storage.  Sometime later, Appellee
removed ten cases, leaving 597 cases of batteries in the storage facility.  

In November 2000, Appellee requested Appellants ship 490 cases of the
batteries to Colorado.  According to Appellee=s
affidavit in support of summary judgment, he had sold these batteries to ITEX,
a customer located in Denver.  Appellants
were only able to locate and ship 220 cases. 
The remaining portion of the batteries, 377 cases,
were missing.  Because the
complete order of batteries was not delivered to ITEX, Appellee
lost the sale.  

In March 2001, Appellee filed suit against Felhaber,
F.C. & Co., Inc. d/b/a Delta Warehouse to recover his damages.  An amended petition was later filed to bring
the individual defendants, Franz Felhaber and Gustavo
Deander, into the case.

In December 2001, Appellee filed a motion for summary judgment.  Appellants filed a timely response.  In April 2002, the trial court ultimately
entered a summary judgment in favor of Appellee,
awarding him $151,192.70, plus attorney=s
fees.  

On May 13, 2002,
Appellants filed copies of Appellee=s answers and responses to discovery,
along with a motion for new trial. 
Appellants argued Appellee=s discovery responses created genuine
issues of material fact, requiring resolution by trial.

The trial court
later severed the corporation from the individual defendants in this case.  Thus, only Franz Felhaber
and Gustavo Deander are before us today as
Appellants.  

 








RULE
166(a)

We will begin by
considering Appellants=
third issue on appeal.  With this issue,
Appellants argue the affidavit supporting Appellee=s motion for summary judgment is
defective and should have stricken from the record.  They contend the affidavit fails to
articulate facts which form the basis of Appellee=s personal knowledge supporting his
conclusions therein.[1]  They also maintain the affidavit contains a
number of self-serving and conclusory statements.[2]  Additionally, they argue Appellee
was required to state his qualifications as an expert in the value of batteries
and failed to do so.  Finally, they argue
Appellee failed to state how much he originally paid
for the merchandise and what efforts he made to mitigate his damages once the
batteries were found to be missing.  

Texas Rule of
Civil Procedure 166a governs summary judgment motions and proceedings.  Tex.R.Civ.P. 166a.  Subsection (c) provides:








(c) Motion and Proceedings Thereon.  The motion for summary judgment shall state
the specific grounds therefor.  Except on leave of court, with notice to
opposing counsel, the motion and any supporting affidavits shall be filed and
served at least twenty-one days before the time specified for hearing.  Except on leave of court,
the adverse party, not later than seven days prior to the day of hearing may
file and serve opposing affidavits or other written response.  No oral testimony shall be received at the
hearing.  The judgment sought shall be
rendered forthwith if (i) the deposition transcripts,
interrogatory answers, and other discovery responses referenced or set forth in
the motion or response, and (ii) the pleadings, admissions, affidavits,
stipulations of the parties, and authenticated or certified public records, if
any, on file at the time of the hearing, or filed thereafter and before
judgment with permission of the court, show that, except as to the amount of
damages, there is no genuine issue as to any material fact and the moving party
is entitled to judgment as a matter of law on the issues expressly set out in
the motion or in an answer or any other response.  Issues not expressly presented to the trial
court by written motion, answer or other response shall not be considered on
appeal as grounds for reversal.  A
summary judgment may be based on uncontroverted
testimonial evidence of an interested witness, or of an expert witness as
to subject matter concerning which the trier of fact
must be guided solely by the opinion testimony of experts, if the evidence
is clear, positive and direct, otherwise credible and free from contradictions
and inconsistencies, and could have been readily controverted.  [Emphasis added].

 

 

Tex.R.Civ.P. 166a(c).  Subsection (f) specifically relates to supporting
and opposing affidavits.  This subsection
provides:

(f) Form of Affidavits; Further
Testimony.  Supporting and
opposing affidavits shall be made on personal knowledge, shall set forth such
facts as would be admissible in evidence, and shall show affirmatively that the
affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers
or parts thereof referred to in an affidavit shall be attached thereto or
served therewith.  The court may permit
affidavits to be supplemented or opposed by depositions or by further
affidavits.  Defects in the form of
affidavits or attachments will not be grounds for reversal unless specifically
pointed out by objection by an opposing party with opportunity, but refusal, to
amend.   [Emphasis added].

 

Tex.R.Civ.P. 166a(f).








As explained by
the Texas Supreme Court, the mere fact that a supporting affidavit is
self-serving does not necessarily make the evidence an improper basis for
summary judgment.  Trico Tech. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997).  A trial court=s
order of summary judgment based on the uncontroverted
affidavit of an interested witness is proper if the evidence is clear,
positive, direct, otherwise credible, free from
contradictions and inconsistencies, and could have been readily controverted.  Id.; Republic Nat=l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986).  The phrase, Acould
have been readily controverted@
does not mean the summary judgment evidence could have been easily and
conveniently rebutted, but rather indicates the testimony could have been
effectively countered by opposing evidence. 
Trico Tech. Corp., 949 S.W.2d at 310; Casso
v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).  We also note that if the credibility of the
affiant is likely to be a dispositive factor in the
resolution of the case, then summary judgment is inappropriate.  Casso, 776 S.W.2d at 558. 
But, if the non-movant must, in all likelihood,
come forth with independent evidence to prevail, then summary judgment may well
be proper in the absence of such controverting
proof.  Id.








In this case, Appellee=s
affidavit met the three requisites of Rule 166a(f).  All of the statements were based on his
personal knowledge.  Tex.R.Civ.P. 166a(f).  The affidavit set forth facts that would be
admissible as evidence at trial.  Id.  It also established him as competent to
testify on these matters.  Id.  Moreover, the statements in Appellee=s
affidavit are uncontroverted, clear, positive,
direct, credible, free from contradiction, and readily controvertible.  Tex.R.Civ.P. 166a(c); Trico Tech. Corp., 949 S.W.2d at 310.  Appellee=s affidavit could have been readily controverted by an opposing affidavit setting forth, for
example, contrary evidence of the fair market value of the batteries.  No such attempt was made to present independent
evidence.  Casso,
776 S.W.2d at 558. 
Accordingly, the affidavit meets the requirements under Rule 166(a) and
was competent summary judgment evidence.[3]  Trico
Tech. Corp., 949 S.W.2d at 310.  Appellants= third issue on appeal is overruled.

Having concluded
the affidavit was not defective and was properly considered as summary judgment
evidence, we will now consider Appellants=
remaining issues related to the trial court=s
granting of summary judgment in favor of Appellee.

SUMMARY
JUDGMENT








In order to
prevail on a motion for summary judgment, a movant
must demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Nixon v. Mr. Property
Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Hernandez v. Kasco Ventures, Inc., 832 S.W.2d 629, 631 (Tex.App.--El Paso 1992, no writ).  On appeal, the summary judgment proof is
viewed in the light most favorable to the non-movant
and every reasonable inference is made in his favor.  Nixon, 690 S.W.2d at
548-49; Stoker v. Furr=s, Inc., 813 S.W.2d 719, 721 (Tex.App.--El Paso 1991, writ denied).  The question is not whether the appellant
raises fact issues on review, but rather whether the summary judgment proof
establishes that no genuine issue of material fact exists.  Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970); Victory v. Bills, 897 S.W.2d
506, 508 (Tex.App.--El Paso 1995, no writ).  If a summary judgment motion asserts more
than one basis of support, and the court order granting the motion is silent as
to the reason for granting the motion, an appellant must show that each
independent ground alleged in the motion is insufficient to support the
judgment.  See
Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79
(Tex. 1989); Southerland v. Northeast Datsun, Inc.,
659 S.W.2d 889, 891 (Tex.App.--El Paso 1983, no
writ).  If any of the theories are
meritorious, the judgment of the lower court will be affirmed.  Id.

In considering a
motion for summary judgment, a trial court may consider only the evidence on
file at the time of the hearing or filed thereafter and before judgment with
permission of the court.  Tex.R.Civ.P. 166a(c); Leinen v. Buffington=s
Bayou City Service Co., 824 S.W.2d 682, 685 (Tex.App.--Houston
[14th Dist.] 1992, no writ).  The
phrase Abefore
judgment@ has been
construed to mean before the judgment is signed.  Valores Corporativos, S.A. de C.V. v. McLane Co., Inc., 945 S.W.2d 160, 162 (Tex.App.--San Antonio 1997, writ denied).  Thus, on a motion for new trial after summary
judgment has been granted, the court may only consider the record as it existed
prior to the granting of summary judgment. 
Longoria v. United Blood Services, 907 S.W.2d 605, 609 (Tex.App.--Corpus Christi 1995), rev=d on other grounds, 938 S.W.2d 29
(Tex. 1997); Leinen, 824 S.W.2d at 685.  Additionally, a trial court may not grant a
motion for summary judgment by default for lack of an answer or response by the
non-movant if the summary judgment evidence is
legally insufficient.  Medlock
v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (Tex.App.--Texarkana 2000, no pet.).








Issues One, Two,
and Four all relate to whether there were unresolved fact issues at the time of
summary judgment that should have precluded the trial court from granting Appellee=s
motion.  Issue One
relates to the fair market value of the batteries in November 2000.  Issue Two concerns evidence of Appellee=s
lost profits.  Issue Four involves both
the measure of damages and whether Appellee attempted
to mitigate same.  

Included with
Plaintiff=s motion
for summary judgment was the supporting affidavit of Appellee,
Dan Pieper.  This document provided
evidence of the fair market value of the missing batteries.  The affidavit included the following
statements:  AThe
fair market value of the missing batteries in November, 2000 was
$131,950.00.  I am a merchant in
batteries and know their value.@  According to this statement, the batteries
were valued at $350 per case at the time they were discovered lost in November
2000.[4]

Appellants= response to the motion for summary
judgment contested the use of Appellee=s affidavit as evidence of the fair
market value of the batteries, the computation of lost profits, and the measure
of damages.  As previously discussed,
they argued the affidavit was defective. 
However, Appellants failed to offer any contrary evidence of the value
of the lost batteries, Appellee=s lost profits, or damages.  They simply objected to the evidence
presented by Appellee.  In all likelihood, Appellants would have had
to produce independent contrary evidence at trial in order to prevail on this
issue.  Casso,
776 S.W.2d at 558. 
Because they failed to produce any controverting
evidence, summary judgment was proper.  Id.

Motion
For New Trial








In May 2002,
Appellants filed a motion for new trial and supported the motion with
documentation that would have, if presented timely, possibly created fact
issues related to these issues.  However,
as previously noted, Texas law does not allow a party to create fact issues in
a motion for new trial that should have been raised in a response to a motion
for summary judgment.  Risner v. McDonald=s
Corporation, 18 S.W.3d 903, 909 (Tex.App.--Beaumont
2000, pet. denied)(noting a party may not present
additional evidence in a motion for new trial unless such evidence is newly
discovered); Priesmeyer v. Pacific Southwest Bank,
F.S.B., 917 S.W.2d 937, 939 (Tex.App.--Austin
1996, no pet.); Leinen, 824 S.W.2d at
685.  Here, there is nothing in the
record indicating the discovery responses constituted newly discovered
evidence.  Risner,
18 S.W.3d at 909. 
There is also no explanation as to why this information was not
presented to the trial court for its consideration in connection with
Appellants= response
to the motion for summary judgment.  Id.  Accordingly, this information was not
properly before the trial court during its consideration of the motions for
summary judgment and for a new trial.  Risner, 18 S.W.3d at 909; Longoria,
907 S.W.2d at 609; Leinen, 824 S.W.2d at
685.  Moreover, we are also precluded
from considering this information in our analysis of Appellants= issues.  See Meute v.
Dana Properties, Inc., 08-99-00131-CV (Tex.App.--El
Paso August 17, 2000, no pet.)(not designated for
publication), 2000 WL 1204835.

Analysis








The central
question before us is whether any genuine issue of material fact exists preventing summary judgment.  Nixon, 690 S.W.2d at
548-49.  Appellants failed to
controvert Appellee=s
affidavit with credible evidence of their own in their response to the motion
for summary judgment.  Casso, 776 S.W.2d at 558.  As such, they failed to raise genuine issues
of material fact related to fair market value of the batteries, lost profits,
and both the correct measure of damages and whether Appellee
attempted to mitigate his damages.  The
only evidence before the court at the time summary judgement
was ordered, was that provided by Appellee.  Given the lack of controverting
evidence, we find no abuse of discretion on the part of the trial court in
concluding there were no genuine issues of material facts.  Casso, 776 S.W.2d at 558; Gibbs, 450 S.W.2d at 828; Victory,
897 S.W.2d at 508.  Accordingly, the
trial court=s summary
judgment order was proper.  Nixon,
690 S.W.2d at 548-49; Hernandez, 832 S.W.2d at
631.  Appellants=
Issues One, Two, and Four are overruled.

Overruling all of
Appellants= issues
on appeal, we affirm the lower court=s
judgment. 

 

 

 

August
26, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
In particular, Appellants contend Appellee failed to
articulate the underlying facts related to the sale of the batteries, identify
the parties to the transaction, and attach documents referring to the
sale.  They also maintain that Appellee failed to explain the basis for his knowledge of
the value of the batteries.





[2]
Specifically, Appellants take issue with the following statements:  (1) that Appellee
lost the sale because of the failure of Delta Warehouse to deliver the
batteries to his customer; and (2) all statements as to the fair market value
of the batteries.





[3]
With regard to Appellants=
complaint that Appellee failed to state his
qualifications as an expert in the affidavit, we note that as an owner and
purchaser of the batteries, Appellee may testify as
to their value.  Porras v. Craig, 675
S.W.2d 503, 504 (Tex. 1984); Jeep Eagle Sales Corp. v. Mack Massey Motors,
Inc., 814 S.W.2d 167, 176 (Tex.App.--El Paso
1991, writ denied); Fidelity & Casualty Co. of New York v. Underwood,
791 S.W.2d 635, 641 (Tex.App.--Dallas 1990, no writ).  As to Appellants=
contention that Appellee failed to show that he
attempted to mitigate his damages, we note that the failure of a party to
mitigate damages may be raised as an affirmative defense.  However, to raise such a defense, Appellants
are required to do more than merely make such an assertion in the absence of
supporting evidence.  Rather, the burden
of proof with respect to whether Appellee failed to
mitigate and the extent to which this failure caused or increased damages is
upon Appellants as the parties who caused the loss.  Pinson v. Red Arrow Freight
Lines, Inc., 801 S.W.2d 14, 16 (Tex.App.--Austin
1990, no writ); Cocke v. White, 697
S.W.2d 739, 744 (Tex.App.--Corpus Christi 1985, writ
ref=d n.r.e.).  Appellants failed to present any evidence
whatsoever in relation to Appellee=s failure to mitigate damages.





[4]
$131,950.00 / 377 = $350.00