**INDUSTRIAL INDEMNITY COMPANY, Appellant,**

v.

**HENNESSEE HOMES, INC., Appellee.**

No. 15739.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 1, 1971.

Rehearing Denied April 29, 1971.

Bean & Manning, Houston, for appellant, Frank M. Bean, Houston, of counsel.

Michael Connelly, Houston, for appellee, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

COLEMAN, Justice.

This is a controversy between an insurance company and its insured concerning the coverage of a general liability insurance policy. The appeal is from a summary judgment for the insured. The judgment is affirmed.

While a policy of general liability insurance issued to appellee by appellant was in effect, a suit was brought against appellee by George E. Parker to recover the damage

to his house and its contents resulting from a fire caused by a defective fireplace. The house was constructed by appellee and sold by it to Parker. The suit was settled for $19,497.60. Appellant admitted liability for the damage to the contents of the house, but not for the damage to the house itself, and contributed $8,029.58 to the settlement. This judgment requires the insurer to pay the balance of the sum required to settle the claim.

The insuring agreement, Coverage "C", required appellant " * * * to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property * * * caused by accident."

Under the heading "Exclusions" it is provided that the policy does not apply:

"(j) under coverage C, to injury to or destruction of (1) property owned or occupied by or rented to the insured, or (2) except with respect to liability under sidetrack agreements covered by this policy, property used by the insured, or (3) except with respect to liability under such sidetrack agreements or the use of elevators or escalators at premises owned by, rented to or controlled by the named insured, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, or (4) any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises;"

The policy defines the term "Products Hazard" in paragraph 3.(g) of the "Conditions," as follows:

(1) goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name and if such accident occurs away from the premises owned, rented or controlled by the named insured or on premises for which the classification stated in division (a) of the declarations excludes any part of the foregoing; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending, machine or any property, other than such container, rented to or located for use of others but not sold;

(2) operations, if the accidents occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be 'operations' within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or in behalf of the insured, (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in division (a) of the declarations specifically includes completed operations."

Endorsement No. 3 attached to the policy reads:

## RESIDENCE, APARTMENT AND TWO FAMILY DWELLING

"It is agreed that such insurance as is afforded by the policy applies to the premises classified in the Declarations as 'Private Residences', 'Apartments', or 'Dwellings-Two Family' but only with respect to the ownership, maintenance or use thereof, subject to the following additional provisions:

"1. The insurance also applies to:

"(a) new construction operations at the premises, including changing the size of or moving buildings or other structures, provided such operations are not for the purpose of changing the use of the premises to other than exclusive use as a one or two family dwelling;

"(b) demolition operations at the premises;

"(c) the Products—Completed Operations Hazard as defined in the policy;

"(d) bicycles, except while used for business purposes;

"(e) the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air-conditioning systems, standpipes for fire hose, or industrial or domestic appliances, or any substance from automatic sprinkler systems, the collapse or fall of tanks or the component parts or supports thereof which form a part of automatic sprinkler systems or, train or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective doors, windows, skylights, transoms or ventilators.

"2. If the named insured is an individual, the unqualified word 'insured' includes the named insured and, if residents of his household, his spouse and the relatives of either under the age of twenty-one.

"3. The unqualified word 'premises' means the premises classified in the Declarations as 'Private Residences', 'Apartments', or 'Dwellings—Two Family' and includes garages and stables incidental thereto, gardens incidental thereto on land not owned by the named insured and individual or family cemetery plots or burial vaults.

"4. The insurance does not apply:

"(a) to property on which a business is conducted or property which is designed or held for such purposes, provided incidental office, professional, private school or studio occupancy of the premises, the renting of accommodations at the premises to not more than two roomers or boarders and the renting or holding for rental at the premises of not more than three car spaces or stalls shall not be considered a business;

"(b) to injury, sickness, disease, death or destruction due to the rendering of or failure to render any professional service;

"(c) to any dog owned by the insured while away from the premises or the ways immediately adjoining.

"All other terms and conditions of this policy remain unchanged.

"INDUSTRIAL INDEMNITY COMPANY

"By ——————————————————
        Authorized Representative."

A property damage coverage agreement, and an exclusion, worded exactly as those here involved, were construed in Employers Casualty Company v. Brown-McKee, Inc., 430 S.W.2d 21 (Tex.Civ.App.—Tyler 1968, writ ref., n. r. e.), where the Court said:

" * * * (1) the exclusion eliminates any coverage for injury to or destruction of the product furnished or work completed by the named insured * * *; and (2) if the defect in the product furnished or the work completed of the named insured causes damage to other property, there is coverage for such damage to the other property."

Consideration must be given to the effect on the coverage afforded by the policy of Endorsement #3, the provisions of which were not before the Tyler Court of Civil Appeals. The policy promises to pay all sums which the insured shall become legally obligated to pay because of injury to or

destruction of property caused by accident, except for hazards specifically excluded. The exclusions are broad and materially restrict the risk assumed by the insurance company. The language of Endorsement #3 provides coverage of risks otherwise not covered by reason of paragraphs (j), (k), and other language of the exclusions. The provision of the Endorsement that the insurance afforded by the policy applies to the Products—Completed Operations Hazard, if it is considered as having been included for a purpose, must be held to mean that coverage is extended to "products hazard" as defined in the policy. Exclusion (j) (4) does not apply to this coverage, otherwise the use of that language in the Endorsement would have no significance. By reason of the Endorsement there is coverage for injury to or destruction of the product furnished or work completed by the named insured.

Affirmed.