John F. EULICH, d/b/a the Vantage Co., Appellant,

v.

The HOME INDEMNITY COMPANY, Appellee.

No. 18240.

Court of Civil Appeals of Texas, Dallas.

Dec. 13, 1973.

Rehearing Denied Jan. 17, 1974.

Henry Stollenwerck, Dallas, for appellant.

Wm. F. Billings, Johnson, Guthrie & Billings, Dallas, for appellee.

GUITTARD, Justice.

Plaintiff is the owner of a building that collapsed after completion because the contractor installed a steel member whose strength was less than that required by the contract. After recovering judgment against the contractor, plaintiff brought this suit against the contractor's insurer on a policy of contractual liability and general comprehensive liability insurance. The insurer defended on the ground that the loss was within certain exclusions in the policy. We affirm, since we interpret the policy as excluding coverage of the contractor's liability for damage to the building resulting from the contractor's failure to follow specifications, as distinguished from liability for damage to other property resulting from such a failure.

1. *The contractual liability coverage*

Before considering the particular exclusions, we must determine whether all of the exclusions in the contractual liability section of the policy are rendered inapplicable by a printed paragraph appearing immediately after the schedule of coverage and before the principal insuring provisions. This paragraph in its entirety is as follows:

> The following exclusions do not apply with respect to any "construction agreement":

Immediately after this language is a blank space allowing room for at least a line and a half of typewriting. The next paragraph is the main insuring agreement, which describes coverages for "contractual bodily injury liability" and "contractual property

damage liability." Then follows a section titled "Exclusions," which contains printed paragraphs designated (a) through (p). Plaintiff contends that since none of the letters corresponding to these exclusions have been inserted in the blank space, the policy is subject to the interpretation that all exclusions are inapplicable with respect to liability under any construction agreement. This argument is without merit. The use of the colon followed by the blank space clearly shows that the paragraph is incomplete and that "following exclusions" was intended to render inapplicable only such exclusions as may be specified in the space following the colon. Since no exclusion is there specified, none is rendered inapplicable. The blank must be completed in order to negative any of the exclusions which appear in subsequent paragraphs of the policy. Failure to complete it cannot properly be taken as changing the meaning of "following exclusions" so as to make this expression refer to all printed exclusions in subsequent paragraphs of the policy. The policy cannot be read as if "all" were inserted in the blank space. Consequently, we hold that none of the exclusions are affected by this paragraph.

This conclusion is not contrary to the majority opinion in Insurance Co. of North America v. Cash, 475 S.W.2d 912 (Tex.1971). In that case the policy insured an aircraft and contained a "pilot endorsement" which excluded coverage "while such aircraft is in flight unless the pilot in command of the aircraft is a person named below, or a person meeting the qualifications set forth below:". Following this language was a blank space in which the name of a qualified pilot was inserted, but no qualifications were set forth, although ample space for a statement of qualifications was left in the printed form. The supreme court held that in the absence of any other statement of qualifications, the endorsement restricted coverage to pilots of the same or superior qualifications as the person named. In that case, the provision in question was not obviously in-

complete because the space following the colon was not left entirely blank. Since the name of a qualified pilot was inserted, the question was whether insertion of that name could be construed as specifying the qualifications required of any pilot, which were not otherwise specified. No similar question is presented here.

■ Since we hold that the incomplete paragraph above quoted does not render any of the exclusions inapplicable, we must decide whether any of the exclusions in the contractual liability section of the policy exclude the liability asserted here. Among these is exclusion (k), which provides that this insurance does not apply "to property damage to work performed by or on behalf of the named insured arising out of the work, or out of any materials, parts or equipment furnished in connection therewith."

Plaintiff argues that "property damage to work performed" does not mean damage to the building resulting from negligence of the insured contractor or his failure to follow specifications, but only damage to the building resulting from causes beyond his control, such as defective design or defective materials supplied to him. Plaintiff concedes that according to dictionary definitions, "work" as used twice in exclusion (k) may mean either the contractor's labor or the product of his labor, but insists that since the word is used twice in the same sentence, it must have the same meaning each time. He recognizes that "property damage to labor arising out of the labor" would be an untenable interpretation in light of the contractual definition of "property damage" as "injury to or destruction of tangible property," and, consequently, he argues that the exclusion must mean "damage to the building arising out of the building." This interpretation, he says, excludes liability for damage to the building resulting from a defect inherent in the building itself, such as a defective design, but would not exclude liability for the contractor's own negligence or failure

to following specifications. At least, plaintiff insists, the policy is ambiguous and subject to this construction.

We do not agree that the policy is subject to this construction, and neither do we find it ambiguous. The context shows plainly that "property damage to work performed" means damage to the building, and that "arising out of the work" means resulting from performance of the work by the contractor, including his negligence or failure to follow specifications. Thus the policy clearly excludes liability for damage to the building resulting from the contractor's failure to perform according to specifications. It does not insure the contractor against his own failure to perform his contract, but does insure him against liability for damages other than to the building itself as the result of his performance, whether defective or otherwise. The same result was reached in Employers Casualty Co. v. Brown-McKee, Inc., 430 S.W.2d 21 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.), which involved a similar but not identical exclusion. Liability for damage to the building resulting from use of an inadequate steel member that did not comply with specifications is exactly the type of liability which the quoted language was evidently intended to exclude.

### 2. The general liability coverage

Language identical to that in exclusion (k) above discussed is contained also in exclusion (m) of the general liability provisions of the policy and excludes that coverage for the same reason unless inapplicable because of the provision for "completed operations" coverage. This coverage is listed in the schedule of general liability coverage and a separate premium for it is specified in addition to the premium for comprehensive general liability coverage. The completed operations coverage is defined to include "bodily injury and property damage arising out of operations or reliance upon a representation or a warranty made at any time with respect thereto, but only if the bodily injury or property dam-

age occurs after such operations have been completed or abandoned and occurs away from the premises owned by or rented to the named insured."

Plaintiff argues that the completed operations coverage should not be construed as limited by exclusion (m) because as so construed it would add nothing to the insurance otherwise provided, even though a separate premium was paid for it. Other provisions, he says, cover the contractor's liability for damage to persons and to property other than the building in question arising out of the contractor's completed operations as well as other operations. In support of this argument, he cites Industrial Indemnity Co. v. Hennessee Homes, Inc., 465 S.W.2d 955 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). That case is distinguishable because the completed operations coverage there was added by an endorsement, to which the exclusion was held inapplicable. Here exclusion (m), among other exclusions, follows after the insuring provisions and the descriptions of the comprehensive general liability and completed operations coverages, and nothing in the policy suggests that this exclusion is less applicable to one coverage than to the other.

Moreover, the exclusion cannot be disregarded because of a possible duplication of coverage. In the first place, we are not convinced that the duplication is complete. Plaintiff has not demonstrated that other provisions of the policy cover all possible liability of the insured under the completed operations coverage. We cannot envision all the situations after completion of operations which might impose liability on the contractor, but apparently the language concerning "reliance upon a representation or a warranty" adds some kind of coverage not otherwise provided. In the second place, duplication of coverage does not justify the court in striking an exclusion from the policy on the theory that otherwise the insured has paid twice for the same coverage unless there is some ambiguity or conflict in the language of

the policy. Such a duplication of coverage would not in itself create an ambiguity or conflict or affect the coverage provided, but, at most, would be a matter of rating to be rectified by a refund of premiums. Plaintiff has failed to demonstrate any conflict in the language of the policy or any reasonable construction of the policy which would render exclusion (m) inapplicable. Consequently, we find that it applies and excludes the liability asserted under the general liability section of the policy.

Affirmed.