**Reverse and Render in part; Affirm in part; Opinion Filed December 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01546-CV

**OKLAHOMA SURETY COMPANY, Appellant/Cross-Appellee**
**V.**
**STEVE NOVIELLO, ASSIGNEE OF METRO TOWNHOMES & HOMES, INC. AND METRO TOWNHOMES LIMITED PARTNERSHIP, Appellee/Cross-Appellant**

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-00335

## MEMORANDUM OPINION

Before Justices FitzGerald, Evans, and Brown[1]
Opinion by Justice Evans

After a trial before the court, Oklahoma Surety Company appeals the trial court's judgment in an insurance coverage lawsuit brought by Steve Noviello as assignee of Metro Townhomes & Homes, Inc. and Metro Townhomes Limited Partnership (Metro defendants). In five issues, OSC generally contends the trial court erred in concluding OSC had a duty to defend the Metro defendants in Noviello's underlying construction-defect lawsuit and in awarding excessive defense costs. Noviello has filed a cross-appeal asserting the trial court erred in concluding OSC had no duty to indemnify the Metro defendants for damages he was awarded on his claims against the Metro defendants. After reviewing the record, we conclude that an

---

[1] Justice Ada Brown was not present for oral argument but participated in the disposition of this appeal. Chief Justice Carolyn Wright was present for oral argument but did not participate in the disposition of this appeal.

exclusion in the insurance policy negated coverage for the claims alleged in Noviello's underlying lawsuit as well as the damages he was ultimately awarded on those underlying claims. Accordingly, we reverse that part the trial court's judgment determining OCS had a duty to defend and render a take-nothing judgment in favor of OSC. We affirm the trial court's determination that OSC had no duty to indemnify with respect to the damages awarded against the Metro defendants for Noviello's underlying claims.

## BACKGROUND

This case involves an insurance coverage dispute arising out of a lawsuit Noviello brought against the designers and developers of a townhome he purchased. Among those Noviello sued were the Metro defendants. In his live pleading in that suit, Noviello alleged that in addition to a shortage of about 400 square feet,

> . . . the home has sustained severe damage due to improper construction and improper repair including, but not limited to, the following:
>
> 1) Failure to cap the roof of the home, resulting in extensive flooding;
>
> 2) Failure to properly install and seal windows, resulting in extensive flooding; and
>
> 3) Improper pre-wiring of home which is unsuitable for alarm wiring.
>
> The home was not as represented, not of proper quality and was not designed or constructed in a good or workmanlike manner. The home and Plaintiff have suffered damages resulting from Defendants['] action or inactions.

Noviello also asserted that "the Metro Defendants were negligent in the conduct regarding the design and construction of Plaintiff's home; such resulting in damages to Plaintiff." He sought actual, punitive, exemplary, and statutory damages recoverable under statute and common law.

The Metro defendants tendered Noviello's petition to OSC requesting coverage under a commercial general liability (CGL) policy. OSC denied coverage relying in part on exclusion "l. Damage To Your Work." The matter proceeded to arbitration and a final award in favor of Noviello was confirmed by the trial court. Noviello then filed this lawsuit as assignee of the

Metro defendants to recover defense costs and indemnification for the underlying judgment.[2] After a trial before the court sitting without a jury, the trial court determined that OSC had a duty to defend the Metro defendants in the underlying lawsuit, but no duty to indemnify. The trial court signed a final judgment awarding Noviello $22,938.26 in attorney's fees that were incurred in the defense of the underlying lawsuit, $24,000 in attorney's fees that were incurred in the coverage action, and contingent attorney's fees on appeal. This appeal and cross-appeal followed.

## ANALYSIS

In issues one through four, OSC contends the trial court erred in concluding it had a duty to defend the Metro defendants in Noviello's underlying lawsuit. We begin our discussion with OSC's contention that the pleadings in the underlying action did not allege claims that potentially fell within coverage under the insurance policy at issue. Specifically, OSC asserts that the factual allegations in the underlying petition established the damage claims for which Noviello sought recovery were excluded under exclusion "l. Damage To Your Work." of its CGL policy as amended by endorsement CG 22 94 10 01.

Whether an insurance carrier owes a duty to defend under an insurance policy is a question of law which we review de novo. *See Solvent Underwriters Subscribing to Energy Ins. Int'l, Inc. v. Furmanite Am. Inc.*, 282 S.W.3d 661, 667 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Pursuant to the "eight corners rule," an insurer's duty to defend is determined by examining the pleading allegations in conjunction with the language of the insurance policy. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). In performing this analysis, we construe the pleadings liberally and resolve all doubt regarding the duty to defend in

---

[2] The trial court signed a turnover order in the underlying suit that transferred and assigned to Noviello all ownership, rights, and interest the Metro defendants had in insurance policies that might provide coverage.

favor of the duty. *Id.* Only when a petition does not allege facts that potentially fall within the scope of coverage, is an insurer not required to defend a suit against its insured. *Id.* "But the insurer's duty to defend is limited to those claims actually asserted in an underlying suit." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 655 (Tex. 2009). Absent provisions in the policy to the contrary, there is "no duty to defend a claim that might have been alleged but was not, or a claim that more closely tracks the true factual circumstances surrounding the third-party claimant's injuries but which, for whatever reason, has not been asserted." *Id.* at 655–56. Accordingly, "'[w]e will not read facts into the pleadings. . . . Nor will we look outside the pleadings, or imagine factual scenarios which might trigger coverage.'" *Id.* at 655 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA, v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997)).

*A. Relevant Policy Provisions*

Among other things, the CGL insurance policy before us covered "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." OSC also had the duty to defend the insured against any suit seeking those damages; OSC had no duty, however, to defend the insured in a suit for "property damage" to which the insurance did not apply. The policy also required the "property damage" be caused by an "occurrence" during the policy period. "Property damage" was defined in the policy as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured."

Notwithstanding OSC's general duty to cover property damage occurring during the policy period, the policy contained several exclusions precluding coverage. Among these exclusions was "l. Damage To Your Work." which, as amended by endorsement CG 22 94 10 01, excluded coverage for "property damage" to "your work" arising out of it or any part of it

–4–

and included in the "products-completed operations hazard." The policy defined "your work" as "work or operations performed by you or on your behalf." "Products-Completed Operations Hazard" was defined in relevant part as "property damage" occurring away from premises you own or rent and arising out of "your work" with certain exceptions that are not applicable here.

*B. Noviello's underlying pleading*

As noted above, Noviello alleged the townhome was damaged by the Metro defendants' negligent design and construction of the home including (1) failure to cap the roof and (2) properly install and seal windows which failures resulted in extensive flooding. Additionally, he alleged improper pre-wiring of the home made it unsuitable for alarm wiring. Noviello alleged the "home and Plaintiff have suffered damages resulting from [the Metro defendants'] action or inactions.

Liberally construing the pleadings, the only damage Noviello alleged in his lawsuit against the Metro defendants was to the townhome itself. The "your work" exclusion specifically excludes coverage for damage to work completed by the Metro defendants or on their behalf. Noviello alleged the Metro defendants negligently constructed the townhome. Because damage to the townhome is excluded from coverage, it does not trigger OSC's duty to defend under the policy. In light of Noviello's failure to allege any property damage other than property damage to the Metro defendants' work, OSC did not have a duty to defend the Metro defendants against Noviello's claims. *See VRV Dev. L.P. v. Mid-Continent Cas. Co.,* 630 F.3d 451, 457 (5th Cir. 2011) ("your work" exclusion precludes coverage for damage to retaining walls built by insured); *see also Wilshire Ins. Co. v. RJT Const.*, LLC, 581 F.3d 222, 226 (5th Cir. 2009) (damage to foundation built by insured not covered pursuant to "your work" exclusion).

In reaching this conclusion, we necessarily reject Noviello's assertion that the "your work" exclusion only excludes coverage for repairing or replacing the insured's defective work and does not exclude coverage for damage to the insured's work that is not defective. On the contrary, the exclusion generally excludes coverage for property damage to the insured's completed work without regard to whether it was defective. *See Lamar Homes, Inc., v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 11–12 (Tex. 2007). CGL policies generally protect the insured only for claims regarding damage to another's property and do not serve as performance bonds for the insured's own work. *See Wilshire Ins. Co.*, 581 F.3d at 226. To the extent that Noviello relies on *Mid-Continent Casualty Co. v. JHP Development, Inc.*, 557 F.3d 207 (5th Cir. 2009), we note that *JHP Development* did not involve a "your work" exclusion, but other distinct exclusions that are presently not before us. *Id*. at 213–17.

Noviello also suggests his damage claims in the underlying petition "could have reasonably included appliances, carpets, rugs, and other products" not provided by the Metro defendants, thus triggering the duty to defend. As support for his position, Noviello cites language in his underlying petition that, "The home and Plaintiff have suffered damages;" and "the Metro Defendants were negligent in the conduct regarding the design and construction of Plaintiff's home; such resulting in damages to Plaintiff." He also contends his petition sought damages for "any and all damages whatsoever and including, but not limited to actual, punitive, exemplary, and statutory damages, available and recoverable under statute and common law." An insurer's duty to defend, however, is limited to those claims actually asserted in the underlying suit. *Pine Oak Builders, Inc.*, 279 S.W.3d at 655. The duty is not triggered by claims that might have been alleged but were not. *Id*. Nor can we infer a claim that better reflects a more accurate account of the plaintiff's injuries but was not asserted. *Id*. Courts will not read facts into pleadings or imagine factual scenarios that might trigger coverage. *Id*.

Moreover, when the pleading only alleges facts that exclude coverage, the insurer is not obligated to defend.  *Id*.  The underlying petition here does not allege any facts stating plaintiff suffered property damage to anything other than the townhome itself that the Metro defendants constructed.  Our obligation to construe pleadings liberally does not permit us to infer a claim that might have been, but was not, alleged.   Because Noviello did not allege any damage other than damage to the townhome, he did not plead "property damage" such that OSC's duty to defend was triggered.  *See Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex. 1997) (absent allegations of physical manifestation of mental injuries, petition did not state claim for "bodily injury").  We resolve OSC's issue asserting that the underlying petition negated any duty to defend in its favor.  In light of our conclusion that the policy excluded coverage for the damage claims alleged in Noviello's underlying petition, we need not address OSC's other arguments with respect to the duty to defend.

*C. Cross-Appeal*

In his cross-appeal, Noviello contends the trial court erred in concluding OSC had no duty to indemnify the Metro defendants for the damages he was awarded on his underlying claims.  He argues that because there was no evidence the damages awarded "were solely the work of the [Metro defendants]," OSC failed to prove that the "your work" exclusion barred recovery under the policy.  We disagree.

An insurer's duty to indemnify is separate and distinct from its duty to defend.  *See D.R. Horton-Texas, Ltd. v. Markel Int'l. Ins. Co. Ltd.*, 300 S.W.3d 740, 743–44 (Tex. 2009).  The duty to indemnify depends on the facts proven and whether the damages caused by the actions or omission proven are covered by the terms of the policy.  *Id*. at 744.  An insurer may have a duty to indemnify even when it has no duty to defend if the facts actually established in the underlying suit demonstrate the insured's liability for damages covered by the policy.  *See id*. at

745.    In this case, OSC had no duty to indemnify for the same reason it had no duty to defend: the only damages awarded against the Metro defendants in the underlying case were for reasonable costs to repair the townhome itself.  There is nothing in the arbitration award or any other evidence presented to the trial court indicating that the damages awarded included the townhome's contents or damage to another's property.  At the coverage trial, Noviello stipulated that the Metro defendants acted as the general contractors and constructed the townhome.  Based on the record before it, the trial court did not err in concluding that the policy's "your work" exclusion, negated OSC's duty to indemnify.  We resolve Noviello's sole issue on cross-appeal against him.

## CONCLUSION

We reverse that part of the trial court's judgment determining OCS had a duty to defend and render a take-nothing judgment in favor of OSC.  We affirm the trial court's determination that OSC had no duty to indemnify for damages awarded against the Metro defendants.

/ David Evans/
DAVID EVANS
JUSTICE

131546F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OKLAHOMA SURETY COMPANY,
Appellant

No. 05-13-01546-CV        V.

STEVE NOVIELLO, ASSIGNEE OF
METRO TOWNHOMES & HOMES, INC.
AND METRO TOWNHOMES LIMITED
PARTNERSHIP, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-00335
Opinion delivered by Justice Evans, Justices
FitzGerald and Brown participating.

In accordance with this Court's opinion of this date, we **REVERSE** that part of the judgment of the trial court determining Oklahoma Surety Company had a duty to defend and awarding damages to Steve Noviello, Assignee of Metro Townhomes & Homes, Inc. and Metro Townhomes Limited Partnership and **RENDER** judgment that Steve Noviello, Assignee of Metro Townhomes & Homes, Inc. and Metro Townhomes Limited Partnership take nothing on his claims against Oklahoma Surety Company. We **AFFIRM** that part of the trial court's judgment determining that Oklahoma Surety Company had no duty to indemnify.

It is **ORDERED** that appellant Oklahoma Surety Company recover its costs of this appeal from appellee Steve Noviello, Assignee of Metro Townhomes & Homes, Inc. and Metro Townhomes Limited Partnership.

Judgment entered this 29th day of December, 2014.