# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2015

Lyle W. Cayce
Clerk

No. 15-20074
Summary Calendar

JAMES FEASTER; PAULETTE FEASTER; DAVID A. FETTNER,

Plaintiffs - Appellants

v.

MID-CONTINENT CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3220

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs James and Paulette Feaster ("the Feasters") appeal the district court's grant of summary judgment in favor of Defendant Mid-Continent Casualty Company ("Mid-Continent") on the Feasters' claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20074

the district court correctly concluded that Mid-Continent has no duty to indemnify the Feasters under the terms of their commercial general liability ("CGL") policy, we AFFIRM the judgment of the district court.

## I. Factual & Procedural Background

The Feasters purchased a home built and owned by Kingwood Estate Homes, L.L.C. ("Kingwood"), on January 25, 2006. During the construction of the property, Kingwood was insured under a CGL policy with Mid-Continent. The policy was renewed annually and expired in April of 2009.

The Feasters started noticing structural and cosmetic damage to their home after purchasing the property. They attributed these defects to "foundation deflection," a problem with the home's foundation, and in 2012, they filed suit against Kingwood, among others, in Texas state court for violations of the Texas Deceptive Trade Practices Act, negligence, breach of warranty, and fraud. Kingwood forwarded the lawsuit to Mid-Continent, seeking to invoke the CGL's duty to defend. Mid-Continent demurred, citing several policy exclusions.

Kingwood did not answer the suit, and default judgment was entered against Kingwood. The judgment found Kingwood liable for damage to the property arising from Kingwood's negligent supervision and construction of the property. The court held Kingwood liable for $305,130.00 in actual and consequential damages.

When the Feasters were unable to collect against Kingwood, they obtained a turnover order granting them Kingwood's interest in the Mid-Continent CGL policy. The Feasters then sued Mid-Continent in state court on a variety of claims stemming from Mid-Continent's refusal to indemnify Kingwood. Mid-Continent removed the suit to federal court. Subsequently, the parties filed-cross motions for summary judgment. Mid-Continent argued that the damages incurred by the Feasters were not covered due to the CGL's

No. 15-20074

policy exclusions and therefore Mid-Continent had no duty to indemnify. On January 13, 2015, the district court granted Mid-Continent's motion and denied the Feasters', reasoning that the "your work" exclusion applied. The Feasters timely appealed the district court's grant of summary judgment in favor of Mid-Continent.[1]

## II. Discussion

### 1. *Standard of Review*

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (2003). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). While we draw all reasonable inferences in favor of the non-moving party, a party cannot defeat summary judgment with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation and internal quotation marks omitted). We may affirm summary judgment on any legal ground raised before the district court. *Performance Autoplex*, 322 F.3d at 853.

The parties agree that Texas insurance law governs this dispute. *See id.* Texas courts construe insurance policies using the same rules of interpretation applicable to contracts generally. *See Nat'l Union Fire Ins. Co of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). If an insurance contract "can be given a definite and certain legal meaning, then it is not ambiguous."

---

[1] The Feasters incorrectly maintain that the district court granted summary judgment on the grounds that the damages to the Feasters' property did not occur during the CGL's policy period. While this initially served as the district court's basis for granting summary judgment, the district court vacated that opinion and later held that summary judgment was warranted because the "your work" exclusion applies.

No. 15-20074

*Performance Autoplex*, 322 F.3d at 854. If a provision is ambiguous, the policy is interpreted in favor of the insured. *Id.* While "the insured carries the burden to establish the insurer's duty to indemnify by presenting facts sufficient to demonstrate coverage," the burden is on the insurer to prove that an exclusion precludes coverage. *Nat'l Union Fire Ins. Co of Pittsburgh v. Puget Plastics Corp.*, 532 F.3d 398, 401, 404 (5th Cir. 2008). The duty to indemnify is invoked "based on the 'actual facts' brought out in the underlying action. Thus, an insurer's duty to indemnify typically can be resolved only after the conclusion of the underlying action." *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir. 2011). Because the underlying case does not always resolve all questions relevant to the scope of coverage, we also look to the facts developed in the evidence before the district court. *See Puget Plastics Corp.*, 532 F.3d at 404.

2.  *"Your Work" Exclusion*

"A CGL policy generally protects the insured when his work damages someone else's property. The 'your work' exclusion prevents a CGL policy from morphing into a performance bond covering an insured's own work." *Wilshire Ins. Co. v. RJT Const., LLC*, 581 F.3d 222, 226 (5th Cir. 2009). Mid-Continent argues, and the district court held, that the "your work" provision of the CGL policy bars coverage for the Feasters' damage.[2]

The provision at issue here excludes coverage for: "Property damage to your [Kingwood's] work arising out of it or any part of it and included in the

---

[2] The Feasters appear to argue that the "your work" provision is unconscionable. However, they fail to cite to any authority supporting their argument. As such, we consider this argument abandoned for being inadequately briefed. *See L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (citation omitted); FED. R. APP. P. 28(a)(8)(a). The Feasters likewise argue that the policy is a "farce" because Mid-Continent did not exercise ordinary care, presumably in rejecting the Feasters' claim for indemnification. Because we conclude that the "your work" exclusion applies, we reject this argument.

products-completed operations hazard." The policy defines "your work," in part, as "[w]ork or operations performed by you or on your behalf." Or, as the Texas Supreme Court interpreted it, the "your work" provision "generally excludes coverage for 'property damage' to the insured's completed work."[3]

On appeal, the Feasters argue that the "your work" exclusion is inapplicable because there was no damage to Kingwood's work. They maintain that heaving soil—due to Kingwood's inadequate preparation of the lot—eventually caused problems with the property's foundation, which in turn caused cosmetic and structural damage. The Feasters argue that the house itself, and not the soil, was Kingwood's work.[4]

In *Wilshire Ins. Co.*, we assessed whether a "your work" exclusion applied when an insured was hired by a homeowner to repair the foundation of a house. 581 F.3d at 226. While we concluded that the "your work" exclusion "precludes coverage for the cost of repairing [the insured's] own work, the foundation," we clarified that the exclusion did "not exclude coverage for damage to other property resulting from the defective work," such as walls and ceilings. *Id.*

Unlike in *Wilshire*, Kingwood was contracted to build the entire house, not merely repair the foundation. The Texas Supreme Court has held that in the context of the "your work" exception, a "homebuilder's work extend[s] to the entire house." *Id.* at 226 (interpreting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 11 (Tex. 2007)). The underlying state court documents,

---

[3] To the extent the Feasters argue the "you work" provision is ambiguous, we disagree. The policy's language is clear, and the Feasters' "[m]ere disagreement over the interpretation of [the] provision does not make the provision ambiguous or create a question of fact." *Performance Autoplex*, 322 F.3d at 854 (citing *D.E.W., Inc. v. Local 93, Laborers' Int'l Union of N. Am.,* 957 F.2d 196, 199 (5th Cir.1992) (interpreting Texas law)).

[4] This argument is somewhat illogical as Kingwood could be liable only if it did something wrong. If forces outside its control caused the harm, there would be no liability.

coupled with the Feasters' own statements and expert's report, make clear that constructing the foundation, which includes preparation of the soil, was part of Kingwood's responsibilities in constructing the house. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979) ("A default judgment admits facts which are properly alleged."). For instance, in the Feasters' state court suit against Kingwood for damage to their property, the Feasters explicitly argued that "foundation deflection of a substantial and unacceptable degree" was due to Kingwood's negligent construction and supervision of subcontractors, and the Feasters obtained a judgment to that effect. Moreover, the Feasters concede on appeal that preparation of the soil was Kingwood's responsibility. They note that the "highly plastic soil . . . expanded [due to] an excess of water resulting from poor lot preparation by Kingwood and its subcontractors." The Feasters' expert also stated that the inadequacies with the soil were due to Kingwood's failure to abide by "the engineers [sic] plans and specifications" when constructing the foundation. *See Am. Home Assurance Co. v. Cat Tech L.L.C.*, 660 F.3d 216, 222 (5th Cir. 2011) (citing with approval *Eulich v. Home Indemnity Co.*, 503 S.W.2d 846, 849 (Tex. Civ. App.—Dallas 1974) (noting that "[l]iability for damage to the building resulting from [the failure to] comply with specifications is exactly the type of liability which the [exclusion] was evidently intended to exclude")). As such, there is no dispute that the preparation of the soil, the foundation, and the house itself constituted Kingwood's work. The Feasters do not appear to contest whether the "products-completed operations hazard" requirement is satisfied.[5]

---

[5] Even if the Feasters produced evidence that the property damage arose prior to the Feasters' purchase of the property, this fact dispute would not be material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). As the district court noted, the CGL policy includes a separate provision excluding coverage for "[p]roperty damage to . . . [p]roperty you own." Kingwood owned the

No. 15-20074

Accordingly, we conclude that the district court did not err in applying the "your work" exception in this case, and we AFFIRM the judgment of the district court.

---

property prior to the Feasters' purchase of the property.  Thus, damage that occurred during construction would not be covered under this exemption.